IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS ALLEN GIVENS, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 2:22-cv-01006-CCW |
| v. | : | |
| | : | |
| WAL-MART STORES, INC., | : | Hon. Christy Criswell Wiegand |
| | : | |
| Defendant. | : | |

**BRIEF IN SUPPORT OF WAL-MART STORES, INC.'S MOTION TO DISMISS**

**I.      Preliminary Statement**

Plaintiff, Thomas Given's, claims arise out of underlying criminal charges for retail theft that were brought by the Washington County District Attorney's office. These charges were dismissed with prejudice in May of 2022 following a hearing on Plaintiff's petition for a writ of *habeas corpus*. Here, Plaintiff alleges that Walmart asset protection associate, Chad Shonts, mistakenly, falsely, and/or intentionally misidentified him to police regarding a May 13, 2021 retail theft by providing a report to police. Plaintiff's Complaint brings four counts sounding in defamation, negligence, intentional infliction of emotional distress, and vicarious liability all arising from the single statement made by Mr. Shonts in the report to police about the retail theft.

Because, as a matter of law, a single report to police for purposes of reporting crime, even in the case of mistaken identity, cannot serve as basis for defamatory or negligent conduct, Defendant, Wal-Mart Stores, Inc. (now known as Walmart, Inc.) (hereafter, "Walmart"), moves this Honorable Court to dismiss all counts of the Complaint because Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

II.     **Factual and Procedural Background**

On June 9, 2022, Plaintiff filed his Complaint in the Court of Common Pleas of Washington County, Pennsylvania. Plaintiff's lawsuit stems from allegations that Walmart provided information and materials to law enforcement, at the request of law enforcement, which ultimately led to the arrest of Plaintiff. The Complaint brings claims against Walmart for defamation, negligence, intentional infliction of emotional distress, and for vicarious liability. On July 11, 2022, Walmart filed a notice of removal of this case to the United States District Court for the Western District of Pennsylvania. *See* ECF No. 1. The removal to this Court is based on diversity jurisdiction, 28 U.S.C. § 1332, as all the parties are diverse and the amount in controversy exceeds $75,000.

The Walmart store at issue in the Complaint, Store No. 4501, is located at 134 Daniel Kendall Drive, West Brownsville, Pennsylvania 15417.[1] On May 13, 2021, a retail theft occurred at this Walmart store. Walmart loss prevention associate, Chad Shonts, included Plaintiff's name as one of three names of people associated with the retail theft in an internal "asset protection case record."[2] Plaintiff alleges that this record was then turned over to the local West Brownsville Police Department, who proceeded to bring criminal charges against him for retail theft.[3] Plaintiff further alleges the identification of him in the report was mistaken, as he was working that day and was not in Store No. 4501 on that date.[4]

As a result of his arrest by police, Plaintiff claims damages for economic loss and general distress, income loss, insomnia, emotional distress, shock and mental anguish, ongoing pain,

---

[1] *See* Complaint, ECF 1-1, at ¶ 3.
[2] *See id.* at Plaintiff's Exhibit 1, page 11 of 17.
[3] *See id.* at ¶¶ 5-9.
[4] *See id.* at ¶ 10.

suffering, and inconvenience, and loss of enjoyment of life.[5] While Plaintiff has filed suit against Walmart under multiple legal theories arising out of the alleged mistaken identification of Plaintiff, Plaintiff has failed to state a claim as such causes of action are not recognized under Pennsylvania law.

**III. Legal Standards – Motion to Dismiss under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). While the court must accept as true all of the factual allegations contained in the complaint, that requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also, Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) and *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008). The determination of whether a complaint contains a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).

---

[5] *See id.* at ¶¶ 16, 23–26.

The Third Circuit has explained the three-step analysis involved in determining the sufficiency of a complaint pursuant to the *Twombly/Iqbal* standard, as follows: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "Although the court must accept the allegations in the complaint as true, it is not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 218–19 (3d Cir. 2015). A motion to dismiss should be granted pursuant to Rule 12(b)(6) if the factual allegations are insufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**IV. Argument**

  A. **Plaintiff's Complaint must be dismissed with prejudice as its claims arise out of the alleged mistaken identification of Plaintiff, which is not actionable in Pennsylvania.**

While Plaintiff's Complaint contains four separate claims against Walmart, they all stem from Walmart's compliance with a criminal investigation that led to, as Plaintiff alleges, Walmart negligently providing an "asset protection case record" to police that included his name as one of three committing retail theft on May 13, 2021. Sometime thereafter, the Washington County District Attorney initiated criminal proceedings against Plaintiff.

Pennsylvania, as a matter of public policy, has refused to recognize a cause of action for the negligent identification of another as a perpetrator of a crime because the imposition of "civil liability for the provision of mistaken information to law enforcement agents would have a chilling effect on citizen cooperation and the provision of valuable information by citizens to police." *Davis v. Equibank*, 603 A.2d 637, 641 (Pa. Super. 1992).

4

In *Davis*, police were investigating a bank robbery and displayed a number of photographs to the teller involved. *Id. a*t 638. Upon reviewing the photo array, the teller identified Davis as the perpetrator and the police subsequently arrested Davis. *Id.* Davis was later released from custody after the teller testified at Davis's preliminary hearing that she believed the bank robber to be taller than Davis. *Id.* Davis, in turn, filed a negligence action against the teller and the bank alleging that they were negligent in originally identifying him as the perpetrator of the crime.

The Pennsylvania Superior Court, in a matter of first impression, declined to recognize the plaintiff's cause of action in *Davis* and affirmed the trial court's grant of demurrer at the preliminary objection stage. *Id.* at 641. Several public policies played a role in the court's determination, including "the public interest in investigation of crime outweighs the recognition of a negligence action for negligent identification of a suspect." *Id.*

The Pennsylvania Supreme Court, in finding "the reasoning of the Superior Court in Davis to be sound" has also "refused to recognize a cause of action for negligent identification." *Jaindl v. Mohr*, 661 A.2d 1362, 1364 (Pa. 1995). While the *Davis* case dealt with the misidentification by an eyewitness, the Pennsylvania Supreme Court in *Jaindl* extended the application to a situation where an employer initiated the criminal inquiry, provided circumstantial evidence to law enforcement, and expressed their belief that the plaintiff was responsible for the crimes. *Id.* at 1365. The rationale for extending the application to the non-eyewitness scenario was because the case ultimately dealt with "negligent misidentification." *Id. a*t 1365.

Presently, when accepting all of Plaintiff's allegations as true, this Court is faced with a situation in which law enforcement was investigating a retail theft at Walmart Store No.. 4501, and in the course of their investigation, law enforcement was provided a report identifying the

5

individuals believed to have stolen items in conjunction with the retail theft. Plaintiff alleges that Walmart was negligent in providing the information that they did to law enforcement.[6]

Accordingly, this factual situation falls into the unfortunate category of negligent identification and is not actionable in Pennsylvania. As such, Plaintiff's Complaint fails to state a claim for which relief can be granted and should be dismissed with prejudice, as it is premised entirely on allegations that Walmart mis-identified Plaintiff as one of the three individuals involved with the retail theft. *See Ewideh v. Kohl's Dep't Stores*, No. 1:20-CV-2342, 2022 U.S. Dist. LEXIS 20385, at *1 (M.D. Pa. Feb. 4, 2022) (granting Kohl's motion to dismiss in a similar case involving claims that the company disclosed plaintiff's identity to the police when they suspected he stole from one of their stores.)

ALTERNATIVE ARGUMENTS

**B. Count 1 (Defamation) of Plaintiff's Complaint must be dismissed with prejudice as communications with law enforcement were privileged.**

In support of his defamation claim, Plaintiff alleges that Walmart "published and/or communicated Plaintiffs name and identified Plaintiff as a criminal offender to the West Brownsville Police Department in order to file criminal charges against Plaintiff" and references the internal report.[7] There are no other allegations of other statements or publications about Plaintiff in the Complaint. Walmart's communication to law enforcement was privileged, and therefore, not subject to civil liability.

Even taken as true for the purposes of a motion to dismiss, Plaintiff's pleadings allege the publication of defamatory information by Walmart.[8] However, the Pennsylvania Superior Court has recognized an absolute privilege for the publication of "defamatory matter" made to law

---

[6] *See, e.g.*, Complaint at ¶¶ 20-21.
[7] *Id.* at ¶ 9.
[8] Due to the standards the Court must apply in deciding a motion to dismiss, Walmart does not intend to comment at this time whether or not Plaintiff actually committed the retail theft.

enforcement officials for the purposes of persuading those officials to initiate criminal proceedings. *Pawlowski v. Smorto*, 588 A.2d 36, 41 (Pa. Super. 1991). This privilege is absolute, even if the "statements may ultimately prove to be false or malicious motivated." *Id*.

*Pawlowski* involved a situation in which a lawyer went to law enforcement (the District Attorney and the State Police) after a court hearing to accuse the other party of perjuring themselves during the hearing. *Id*. at 38. Thereafter, the party that was alleged to have committed perjury brought a claim for defamation against the attorney. *Id*. The defendants then filed Preliminary Objections and the trial court dismissed the count of defamation as it found the statements made to law enforcement to be absolutely privileged. *Id*. at 40. On appeal, the Superior Court affirmed the absolute privilege of the communication. *Id*. at 42-43.

As alleged here by Plaintiff, Walmart "published and/or communicated Plaintiffs name and identified Plaintiff as a criminal offender to the West Brownsville Police Department in order to file criminal charges against Plaintiff."[9] Taking Plaintiff's allegations to be true, Walmart's communication to law enforcement are privileged and cannot form the basis for liability for defamation. As such, Plaintiff's claim for "Defamation" should be dismissed with prejudice.

### C. Count 2 (Negligence) of Plaintiff's Complaint must be dismissed with prejudice as negligent identification is not actionable in Pennsylvania.

As addressed in detail in Section IV.A., above, Pennsylvania courts have refused to recognize a cause of action for the negligent identification of another as a perpetrator of a crime. Accordingly, to the extent Plaintiff's Complaint is not dismissed in its entirety, Plaintiff's claims of negligence should be dismissed as the negligence complained of centers on the negligent identification of Plaintiff, which, as addressed above, is not a recognized cause of action in Pennsylvania.

---

[9] *Id*.

### D. Count 3 (Intentional Infliction of Emotional Distress) must be dismissed with prejudice as legally insufficient.

Although Pennsylvania has never formally recognized a cause of action for Intentional Infliction of Emotional Distress ("IIED"), its courts have often cited to the Restatement (Second) of Torts § 46(2) as setting forth the minimum elements for such cause of action. *Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000).

The Restatement provides the following:

> 1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
> . . .

*Restat 2d of Torts*, § 46.

Further, in describing the conduct necessary, the Superior Court has noted:

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. *Buczek v. First Nat'l Bank*, 366 Pa. Super. 551, 558, 531 A.2d 1122, 1125 (1987). Described another way, it has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. Restatement (2nd) of Torts §46, Comment d; *Daughen v. Fox*, 372 Pa. Super. 405, 412, 539 A.2d 858, 861 (1988).

*Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998).

With this stringent standard, it is necessary for a trial court to make a threshold determination as to whether a defendant's conduct can reasonably be regarded as so extreme and outrageous as to permit recovery for intentional infliction of emotional distress. *Salerno v. Philadelphia Newspapers*, 546 A.2d 1168, 1171 (Pa. Super. 1988).

In this case, at the most, Plaintiff alleges that Walmart *negligently* provided incomplete information to law enforcement, and "negligently and carelessly failed to investigate and ascertain the proper identity of person who truly committed a retail theft."[10] (Quoted from Plaintiff's Negligence Count). Indeed, in its IIED count, Plaintiff fails to allege that Walmart or its employees intentionally and/or maliciously did anything wrongful. Under the facts alleged, even if taken as true, it cannot be said that Walmart's conduct was so "outrageous" as to rise to the level necessary to impute liability for an Intentional Infliction of Emotional Distress claim.

Additionally, similar to the argument in Section IV.B, above, communications made in the course of an investigation, which statements would be privileged in an action for defamation, cannot serve as the basis for an action of intentional infliction of emotional distress. *See e.g., Greenberg v. McGraw*, 161 A.3d 976, 989 (Pa. Super. 2017)(applying absolute privilege to bar Intentional Infliction of Emotional Distress claim involving reports to medical board); *Thompson v. Sikov*, 490 A.2d 472 (Pa. Super. 1985)(applying absolute privilege to bar Intentional Infliction of Emotional Distress claim involving statements made during the course of litigation). As such, even if this count could survive dismissal as to the "outrageousness" of the conduct, the conduct is absolutely privileged and cannot form the basis for civil liability.

### E. Count 4 (Vicarious Liability) must be dismissed with prejudice as legally insufficient.

As an initial matter, Plaintiff's vicarious liability count, while sometimes permitted as a separate cause of action under Pennsylvania law, is unnecessary here as there are no other defendants in this case for whose actions Plaintiff seeks to make Walmart responsible. *See, e.g., Sherman v. John Brown Ins. Agency,* 38 F. Supp. 3d 658, 670 (W.D. Pa. 2014) (allowing claim for vicarious liability to proceed where it incorporated claims made against other parties). Here,

---

[10] *See id.* at ¶ 20.

Plaintiff's claim should be more appropriately seen as a request for application of *respondeat superior* liability. District Courts have found that under Pennsylvania law the "doctrine of respondeat superior does not establish a separate tort, but merely a principle by which employers can be held liable for the tortious acts of their employee." *See id. (citing Peek v. Philadelphia Coca-Cola Bottling Co.*, No. 97-3372, 1997 U.S. Dist. LEXIS 10138, n. 1 (E.D. Pa. Jul. 10, 1997).

To the extent that all of Plaintiff's other causes of action are subject to dismissal here, Plaintiff's cause of action for vicarious liability would also be subject to dismissal as a derivative claim. *See Mamalis v. Atlas Van Lines, Inc.,* 528 A.2d 198, 200 (Pa. Super. Ct. 1987) ("A claim of vicarious liability depends on the life of the claim from which it derives.").

## V. Conclusion

Wherefore, Defendant, Wal-Mart Stores, Inc. (now known as Walmart, Inc.), requests that this Honorable Court grant its Motion, find that any further amendment of Plaintiff's Complaint would be futile in these circumstances, and dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

THOMAS, THOMAS & HAFER LLP

Date: 07/22/2022

*/s/ G. Richard Murphy*
G. Richard Murphy
PA ID No. 306456

US Steel Tower
600 Grant Street, Suite 2600
Pittsburgh PA, 15219
(412) 697-7403
(412) 697-7407 – Facsimile
rmurphy@tthlaw.com

**Counsel for Defendant**

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the Brief in Support of Motion to Dismiss has been served on all counsel of record, via the Court's ECF System, on the 22nd day of July 2022

Adam Yarussi, Esquire
31 North Main Street, Suite 105
Washington, PA 15301
adamyarussilawoffice@gmail.com

*Counsel for Plaintiff*


/s/ G. Richard Murphy
G. Richard Murphy

*Counsel for Defendant*