IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS ALLEN GIVENS, | : | CIVIL DIVISION |
| Plaintiff, | : | |
| | : | Civil Action No.: 2:22-cv-1006 |
| v. | : | |
| | : | |
| WAL-MART STORES, INC., | : | Hon. Christy Criswell Wiegand |
| Defendant. | : | |

**<u>BRIEF IN SUPPORT OF WALMART'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

## I. Preliminary Statement

Plaintiff, Thomas Givens', claim for malicious prosecution against Walmart arises out of criminal charges for retail theft that were brought against him by the Washington County District Attorney's office. These charges were dismissed with prejudice in May of 2022 following a hearing on Plaintiff's petition for a writ of *habeus corpus*. In his Amended Complaint, Plaintiff continues to allege that Walmart asset protection associate, Chad Shonts, falsely identified him to police related to the retail theft, and alleges that the identification was done with malice. Plaintiff originally brought four counts against Defendant Wal-Mart Stores, Inc. (now known as Walmart, Inc.) (hereafter "Walmart") sounding in defamation, negligence, intentional infliction of emotional distress, and vicarious liability. In response to Walmart's first motion to dismiss, Plaintiff filed an Amended Complaint, and replaced these four counts with one count sounding in malicious prosecution under Pennsylvania common law.

Because Plaintiff's name was first given to police by one of the other perpetrators of the retail theft, and not by Walmart, this court should find as a matter of law the police had probable cause to make an arrest. Thus, Plaintiff can never establish all elements of his malicious

prosecution claim in this case, and Walmart moves this Honorable Court to the malicious prosecution count of the Amended Complaint because Plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Factual and Procedural Background

On June 9, 2022, Plaintiff filed his Complaint in the Court of Common Pleas of Washington County, Pennsylvania. Plaintiff alleges that Walmart provided information to law enforcement that led to his arrest. The original Complaint brought claims against Walmart for defamation, negligence, intentional infliction of emotional distress, and for vicarious liability. On July 11, 2022, Walmart filed a notice of removal of this case to the United States District Court for the Western District of Pennsylvania. *See* ECF No. 1. The removal to this Court is based on diversity jurisdiction, 28 U.S.C. § 1332, as all the parties are diverse and the amount in controversy exceeds $75,000.

Thereafter, on July 22, 2022, Walmart moved to dismiss all claims of the original complaint with prejudice under Fed. R. Civ. P. 12(b)(6), because Walmart's report to police for purposes of reporting crime, even in the case of mistaken identity, could not serve as basis for defamatory or negligent conduct. *See* ECF Nos. 6-7. In response to Walmart's motion, Plaintiff filed an Amended Complaint on August 11, 2022 (ECF No. 11). Therein, Plaintiff dropped all the previous counts of the original complaint, and replaced them with a single count for malicious prosecution under Pennsylvania common law.

The Walmart store at issue, store no. 4501, is located at 134 Daniel Kendall Drive, West Brownsville, PA 15417.[1] On May 13, 2021, a retail theft occurred at this Walmart store.[2] Plaintiff alleges that Walmart loss prevention associate, Chad Shonts, provided the police with

---

[1] *See* Amended Complaint, ECF No. 11, at ¶ 3.
[2] *See id.* at ¶ 6.

his name as one of three names of people associated with the retail theft "based upon personal observation, camera footage from within and around the Supercenter and from previous incidents."[3] Plaintiff alleges that solely due to this misidentification, the local West Brownsville police department, proceeded to bring criminal charges against him for retail theft.[4] Plaintiff further alleges the identification of him by Shonts had no factual basis, as he claims he was working that day and not in store no. 4501 on that date.[5]

However, despite directly referencing the charges brought against him by police, and even appearing to selectively quote from the affidavit of probable cause, Plaintiff fails to attach his charging documents, or inform the Court that the identification of him as one of the people involved in the theft came from another perpetrator, Arram Nelson, and not Walmart. Indeed, the affidavit of probable cause included with the criminal complaint[6] states that "NELSON stated he was with two other males who are identified as Thomas Givens…and Jacob Wolfe…. NELSON stated that GIVENS and WOLFE were with him in the store, and they were stealing tools, and other items, however, left the tools at the store entrance upon them leaving the store. NELSON stated that GIVENS and WOLFE left him behind because he did not want to get in trouble from stealing the merchandise, however, NELSON knowingly participated in the Retail Thefts with GIVENS and WOLFE."[7] Further, the affidavit states "GIVENS and WOLFE were again identified by WALMART's Loss Prevention team, camera footage, and previous incidents." In addition, the Court note that Plaintiff was not the only person arrested in relation

---

[3] *See id.* at ¶ 10. Note as background, this allegation is slightly different from the one in the original complaint, where Plaintiff alleged Shots included Plaintiff's name in a report to the police, and attached the report as an exhibit.
[4] *See id.* at ¶¶ 6-13.
[5] *See id.* at ¶¶ 12-13.
[6] *See* Exhibit 1, attached hereto.
[7] *See id.* at Affidavit of Probable Cause signed by Officer Matthew Morelli.

to this retail theft. The two others identified in the criminal complaint, Arram Nelson, and Jacob Wolfe, both eventually pleaded guilty to this theft.[8]

As a result of his arrest by police, Plaintiff claims damages for personal humiliation, embarrassment, mental anguish, loss of enjoyment of life, injury to his reputation, legal expenses, as well as punitive damages.[9] Plaintiff's claim for malicious prosecution places the burden on him to show a lack of probable cause for the arrest, and Plaintiff has failed to state a claim as he cannot do so here.

**III. Legal Standards**

**A. Motion to Dismiss under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). While the court must accept as true all of the factual allegations contained in the complaint, that requirement does not apply to legal conclusions. *Iqbal,* 129 S.Ct. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also, Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) and *Wilkerson v. New Media Tech. Charter Sch.*,

---

[8] *See* Exhibit 2, attached hereto.

[9] *See* Amended Complaint, ECF 11, Request for Relief.

*Inc.*, 522 F.3d 315 (3d Cir. 2008). The determination of whether a complaint contains a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).

The Third Circuit has explained the three-step analysis involved in determining the sufficiency of a complaint pursuant to the *Twombly/Iqbal* standard, as follows: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "Although the court must accept the allegations in the complaint as true, it is not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 218–19 (3d Cir. 2015). A motion to dismiss should be granted pursuant to Rule 12(b)(6) if the factual allegations are insufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

**B. The Court may include the records attached to the motion to dismiss as part of the pleadings.**

"Generally speaking, a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss." *Pryor v. National Collegiate Athletic Ass'n.*, 288 F. 3d 548, 560 (3d Cir. 2002). "Documents that the defendant attaches to the motion to dismiss *are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim*; as such, they may be considered by the court." *Id.* (quoting 62 Fed. Proc., L.Ed. § 62:508)(emphasis in the case). *See also Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co.* (U.S.A), 768 F.3d 284, 291 (3d Cir. 2014) (stating the same); *Pension Ben. Guar.*

*Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)(On a motion to dismiss, the court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document.")

Here, the facts around the police's decision to charge Plaintiff with a crime are central to his claim. Exhibits 1 and 2 attached to Walmart's motion are filings of record with the Court of Common Pleas of Washington County, of which this Court can take judicial notice. Further, Plaintiff implicitly refers to the criminal complaint when describing how he was charged by Officer Matthew Morelli of the West Brownsville Police Dept. with retail theft. *See* Amended Complaint at ¶ 6. The Court should therefore consider Exhibits 1 and 2 as part of the pleadings.

**IV. Argument**

**A. Plaintiff's Amended Complaint should be dismissed with prejudice as there was probably cause for Plaintiff's arrest.**

Plaintiff's Amended Complaint now contains one claim against Walmart for malicious prosecution related to Plaintiff being charged by police for committing retail theft on May 13, 2021. A successful claim for malicious prosecution requires Plaintiff to show that: "the defendant (1) instituted proceedings against the plaintiff, (2) without probable cause, (3) with malice, and (4) that the proceedings were terminated in favor of the plaintiff." *Napier v. City of New Castle*, 407 F. App'x 578, 583 (3d Cir. 2010) *(citing Corrigan v. Cent. Tax Bureau of Pa.*, Inc., 828 A.2d 502, 505 (Pa. Commw. Ct. 2003). *See also Kelley v. General Teamsters Local 249*, 544 A.2d 940, 941 (Pa. 1988).

Here, Walmart asks this Court to find probable cause as a matter of law by looking at the objective facts of the arrest that are contained, not just in Plaintiff's conclusory pleadings, but also in the criminal complaint and supporting affidavit that served as the basis for the charges. Probable cause for purposes of malicious prosecution actions has been defined the Third Circuit

as: "reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense. An arrest was made with probable cause if 'at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense.' The inquiry is an objective one, and 'an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause.'" *Napier*, 407 F. App'x at 583 (internal citations omitted). "Usually, the existence of probable cause is a question of law for the court rather than a jury question, but may be submitted to the jury when facts material to the issue of probable cause are in controversy." *Kelley*, 544 A.2d at 941. Thus, "[i]t is the function of the court to determine whether the objective facts available to the officers at the time of arrest were sufficient to justify a reasonable belief that an offense was being committed." *United States v. Glasser*, 750 F.2d 1197, 1206 (3d Cir. 1984).

Presently, even accepting Plaintiff's factual allegations as true, and leaving aside his bare allegations or legal conclusions, this Court is faced with a situation in which the police were investigating a retail theft at Walmart store no. 4501, and in the course of their investigation, one of the individuals detained for the theft confessed to the crime, and identified Plaintiff as one of two other individuals participating in the retail theft.[10] The police then made the independent decision to charge Plaintiff, not Walmart. Given these circumstances, even if you assume for the purposes of this motion that Walmart's employee also provided false information to police with

[10] *See* Exhibit 1, affidavit of probable cause.

an improper motive (which is certainly disputed),[11] the police had an independent factual basis for probable cause and to initiate charges against Plaintiff.

Further, Plaintiff's allegations that Chad Shonts identification of him was fabricated lacks the necessary further support in the pleadings. In order to show a lack of probable cause based alleged fabricated evidence, Plaintiff must show "persuasive evidence supporting a conclusion that the proponents of the evidence are aware that evidence is incorrect or that the evidence is offered in bad faith." *Black v. Montgomery Cty.*, 835 F.3d 358, 371 (3d Cir. 2016). A pleading must contain allegations describing such persuasive evidence in order to survive a motion to dismiss. *See Boseman v. Upper Providence Twnshp.*, 680 F. App'x 65, 70 (3d Cir. 2017). No such persuasive evidence is present in Plaintiff's Amended Complaint.

For these reasons, the Court should find probable cause existed here as matter of law. With probable cause established, Plaintiff cannot sustain a cause of action for malicious prosecution, has failed to state a claim for which relief can be granted, and such claim should be dismissed with prejudice. *See, e.g., Jackson v. Davis*, Civil Action No. 2:13-cv-1717, 2014 U.S. Dist. LEXIS 95600, at *66 (W.D. Pa. July 14, 2014) (where court granted motion to dismiss based on finding as a matter of law that the defendant officers had probable cause to charge plaintiff).

**B. Plaintiff's Amended Complaint should be dismissed with prejudice because it only contains threadbare allegations of malice.**

Plaintiff's Amended Complaint includes allegations that Chad Shonts' "identification of Givens to Officer Morrelli as one of the three alleged thieves in the Supercenter on May 13, 2021 was knowingly false" and "Shonts initiated criminal proceedings against Givens with malice as evidenced by a lack of belief in the propriety of the prosecution …"[12] However, the Plaintiff

[11] *See e.g.*, Amended Complaint, ECF 11, at ¶¶ 10, 13.
[12] *See id.* at ¶¶ 14, 21

does not provide the Court with any information or pleadings supporting that the report to police was false or made with malice, and the Court should recognize these pleadings as nothing more than conclusory and threadbare allegations reciting the elements of the claim. As such, the claim is subject to dismissal with prejudice. *See Boseman v. Upper Providence Twp.*, 680 F. App'x 65, 69 (3d Cir. 2017) (affirming dismissal of malicious prosecution claims where plaintiff only provided conclusory allegations of malice as part of a threadbare recital of an element of the cause of action.); *Bracke v. Siteone Landscape Supply, LLC*, No. 21-5244, 2022 U.S. Dist. LEXIS 69704, at *9 (E.D. Pa. Apr. 15, 2022) (granting motion to dismiss malicious prosecutin claim where plaintiff failed to plead sufficient facts that defendant acted with legal malice.)

**V. Conclusion**

Wherefore, Defendant Wal-Mart Stores, Inc. (now known as Walmart, Inc.) requests that this Honorable Court grant its motion, find that any further amendment of Plaintiff's Amended Complaint would be futile in these circumstances, and dismissal Plaintiff's claim for malicious prosecution with prejudice.

Respectfully submitted,

THOMAS, THOMAS & HAFER LLP

Date: 08/25/2022 By: */s/ G. Richard Murphy*

G. Richard Murphy
PA ID No. 306456

US Steel Tower
600 Grant Street, Suite 2600
Pittsburgh PA, 15219
(412) 697-7403
(412) 697-7407 – Facsimile
rmurphy@tthlaw.com

***Counsel for the Defendant, Wal-Mart Stores, Inc.***

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the Brief in Support of Motion to Dismiss Plaintiff's Amended has been served on all counsel of record, via the Court's ECF System, on the 25th day of August 2022.

John E. Egers, Jr., Esquire
Julian Law Firm
71 North Main Street
Washington, PA 15301
johnegers@julianlawfirm.com
***Counsel for Plaintiff***

/s/ G. Richard Murphy
G. Richard Murphy

***Counsel for the Defendant,***
***Wal-Mart Stores, Inc.***