IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ALLEN GIVENS, | ) ) ) ) |
| Plaintiff, | ) 2:22-CV-1006-CCW ) |
| v. | ) ) ) |
| WAL-MART STORES, INC., | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Before the Court is Walmart, Inc.'s Motion to Dismiss the Amended Complaint. ECF No. 16. After reviewing the Amended Complaint, ECF No. 11, and the parties' briefing on the Motion to Dismiss, ECF Nos. 16—20, for the following reasons, the Court will grant the Motion to Dismiss.[1]

**I.     Background**

Thomas Allen Givens is a Pennsylvania resident who brings a single common law claim of malicious prosecution against Walmart. On May 13, 2021, Chad Shonts, a loss prevention employee at Walmart, witnessed three men stealing merchandise from the store. ECF No. 11 ¶¶ 7, 13. Later that day, Mr. Shonts contacted law enforcement to report the retail theft. *Id.* ¶ 7; ECF No. 19 at 6. Officer Matthew Morelli arrived at the scene. ECF No. 11 ¶ 7; ECF No. 19 at 6.

On May 14, 2021, Mr. Givens was charged in the Pennsylvania Court of Common Pleas with first-degree misdemeanor retail theft, in violation of 18 Pa.C.S. § 3929(a)(1). *Id.* ¶ 6. Before

---

[1] This Court has diversity jurisdiction under 28 U.S.C. § 1332. Mr. Givens is a Pennsylvania resident, and Walmart is a Delaware incorporation with a principal place of business in Arkansas. The amount in controversy is alleged to exceed $75,000.

1

this incident, Mr. Givens had no prior criminal record for retail theft. *Id.* ¶ 11. Mr. Givens states that he was never in the Walmart nor did he steal any items from the Walmart. *Id.* ¶ 12. In his probable cause affidavit in support of the criminal charges Officer Morelli wrote that upon arriving at the scene, Mr. Shonts said two suspects split away from a third male, who was still in the parking lot. ECF No. 16-1. Officer Morelli then approached the suspect in the parking lot, who was identified as Arram Nelson. *Id.* at 6. According to Officer Morelli, Mr. Nelson "stated he was with two other males who are identified as Thomas Givens . . . and Jacob Wolfe." *Id.* Officer Morelli wrote:

> NELSON stated that GIVENS and WOLFE were with him in the store, and they were stealing tools, and other items, however, left the tools at the store entrance upon them leaving the store. . . . GIVENS and WOLFE left him behind because he did not want to get in trouble from stealing the merchandise, however, NELSON knowingly participated in the Retail Thefts with GIVENS and WOLFE.

*Id.* The probable cause affidavit later states that "GIVENS and WOLFE were again identified by WALMART's Loss Prevention team, camera footage, and previous incidents." *Id.* Mr. Shonts told Officer Morelli that he had attempted to stop them from leaving the store, but they escaped. *Id.* Mr. Shonts showed the officer the camera footage of the incident. *Id.* Mr. Givens alleges that Mr. Shonts' identification of him was knowingly false. ECF No. 11, ¶ 14.

Mr. Givens' counsel moved to compel the prosecutor to produce the video footage from Walmart that Mr. Shonts had allegedly relied on to make his identification, but none was ever provided. *Id.* ¶¶ 15, 16. Mr. Givens filed a Writ of Habeas Corpus to dismiss his criminal charges. *Id.* ¶ 18. At the hearing, the prosecutor still had not produced the video footage and Mr. Shonts failed to appear as a witness against him. *Id.* ¶ 17. Accordingly, the judge granted his Writ of Habeas Corpus and dismissed his case with prejudice. *Id.* ¶ 18.

Mr. Givens' operative Amended Complaint asserts a single count of malicious prosecution under Pennsylvania common law. *See generally* ECF No. 11. Mr. Givens alleges that: (1) Mr. Shontz, acting as an agent of Walmart in the scope of his employment, initiated a criminal proceeding against Mr. Givens; (2) there was no probable cause for Mr. Givens' arrest; (3) Mr. Shonts acted with malice; and (4) the criminal proceeding terminated in Mr. Givens' favor. *Id.* ¶¶ 20–23.

Walmart seeks to dismiss the Amended Complaint, arguing that Mr. Givens failed to satisfy the second and third elements of the claim. ECF No. 16. As part of its Motion, Walmart attached the criminal complaint, which included the probable cause affidavit, drafted by Officer Morelli after Mr. Givens' arrest, and Mr. Givens' sentencing order. *See generally* ECF No. 16. Walmart attached these exhibits to show that probable cause existed for Mr. Givens' arrest. ECF No. 17, at 5—6. Mr. Givens does not object to the Court considering the criminal complaint and the arresting officer's affidavit, and the Court has considered those documents. ECF No. 19, at 3. He does, however, object to the Court considering the sentencing order, and the Court has not considered that document in resolving the Motion. *Id.*

## II.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be

"sufficient to state a claim for relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss").

Finally, when deciding a Rule 12(b)(6) motion and as noted above, the Court "must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). In this case, Mr. Givens stated that he "does not object to consideration of the criminal complaint filed against him," which includes the probable cause affidavit. ECF No. 19 at 3. Thus, for the purpose of deciding the present Motion,

4

the Court accepts as true the facts alleged in the Amended Complaint, as well as those facts in the criminal complaint, and views those facts in the light most favorable to the plaintiff. *See Burtch*, 662 F.3d at 220.

### III.   Discussion

Because probable cause existed for Mr. Givens' arrest, he cannot prevail on his malicious prosecution claim under Pennsylvania law, and the Court will grant Walmart's Motion to Dismiss the Amended Complaint.    The parties agree that Pennsylvania law applies. *See Commonwealth Cap. Corp. v. Getronics, Inc.*, 147 Fed. App'x 253, 254–55 (3d Cir. 2005) (requiring federal courts sitting in diversity to apply the law that parties "explicitly or implicitly" have chosen).

To prevail on a malicious prosecution claim under Pennsylvania law, a plaintiff must prove the following four elements:  (1) the defendant initiated criminal proceedings against him;  (2) there was no probable cause;  (3) the defendant acted with malice;  and (4) the criminal proceedings terminated in the plaintiff's favor. *Kelley v. Gen. Teamsters, Chauffeurs, and Helpers, Loc. Union 249*, 544 A.2d 940, 941 (Pa. 1988); *Bruch v. Clark*, 507 A.2d 854, 856 (Pa. Super. 1986).  The United States Court of Appeals for the Third Circuit has noted that Pennsylvania law places a high burden on plaintiffs to succeed on a malicious prosecution claim, which federal courts sitting in diversity must respect. *Martinez v. E.J. Korvette, Inc.*, 477 F.2d 1014, 1016—17 (3d Cir. 1973). Here, Defendants challenge the second and third elements of Plaintiff's claim, asserting that probable cause existed for Mr. Givens' arrest and that his allegations of malice are conclusory.

### A.   Dismissal of the Malicious Prosecution Claim is Warranted Because There Was Probable Cause

Under Pennsylvania law, probable cause exists when there is a reasonable ground of suspicion, supported by the circumstances, that would cause an ordinary prudent person to believe that the individual is guilty of the offense. *Hugee v. Pa. R. Co.*, 101 A.2d 740, 742 (Pa. 1954).

Probable cause is an objective inquiry that focuses on the facts and circumstances surrounding the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *Napier v. City of New Castle*, 407 Fed. App'x 578, 583 (3d Cir. 2010). The existence of probable cause is "an absolute defense" to a malicious prosecution claim. *Meiksin v. Howard Hanna Co.*, 590 A.2d 1303, 1305 (Pa. Super. 1991) (internal quotation marks omitted); *Turano v. Hunt*, 631 A.2d 822, 824 (Pa. Commw. 1993). Whether probable cause exists is generally a question of law for the court to decide when the facts are undisputed. *Kelley*, 544 A.2d at 941; *Altman v. Standard Refrigerator Co.*, 173 A. 411, 417 (Pa. 1934).

Walmart argues that probable cause existed for Mr. Givens' arrest for retail theft because a third party—with no connection to Walmart—identified Mr. Givens as the shoplifter. ECF No. 17 at 6–8. This third party, Mr. Nelson, was approached by Officer Morelli at the scene of the crime. Mr. Nelson confessed to Officer Morelli that he had acted with Mr. Givens and Mr. Wolfe in carrying out the retail theft. ECF No. 16-1.

These facts are fatal to Mr. Givens' Amended Complaint. In a malicious prosecution case, the Pennsylvania Supreme Court held that "[r]epresentations of others may be sufficient foundation for [probable cause], especially if made by those who have had opportunities for knowledge." *Taylor v. Am. International Shipbuilding Corp.*, 119 A. 130, 130 (Pa. 1922). And a single identification that an arresting officer accepts in good faith is sufficient to establish probable cause. *See, e.g.*, *Bernar v. Dunlap*, 39 Leg. Int. 402 (Pa. 1880); *Campbell v. Yellow Cab Co.*, 137 F.2d 918, 923 (3d Cir. 1943) (applying Pennsylvania law). Here, Officer Morelli accepted Mr. Nelson's identification of Mr. Givens in good faith. ECF No. 16-1. Having just confessed to and provided details about the crime, Mr. Nelson was clearly a party who seemed knowledgeable about

the situation. Mr. Nelson's identification of Mr. Givens, even absent the additional information from Walmart, was sufficient to establish probable cause under Pennsylvania law.

Officer Morelli's inclusion of additional information from Mr. Shonts in the probable cause affidavit does not change the outcome. Officer Morelli only included the identification by Mr. Shonts, the Walmart employee, after Mr. Nelson had already identified Mr. Givens. ECF No. 16-1. When describing Mr. Shonts' identification of Mr. Givens, he wrote, "GIVENS and WOLFE were *again* identified by WALMART's Loss Prevention team." *Id.* (emphasis added). His use of the word "again" demonstrates the secondary nature of Mr. Shonts' identification. Furthermore, Officer Morelli's affidavit spends far more time describing Mr. Nelson's confession and identification of Mr. Givens. *Id.* Probable cause existed even without the additional information from Mr. Shonts, and the inclusion of that additional information does not defeat such probable cause.

The burden is on the plaintiff to establish the lack of probable cause, *Neczypor v. Jacobs*, 169 A.2d 528, 531 (Pa. 1961), and the Court finds that this "heavy burden" has not been met, *Martinez*, 477 F.2d at 1016. As the existence of probable cause represents an absolute defense to a malicious prosecution claim, the Court will grant Walmart's Motion to Dismiss with prejudice.

### B. The Court Need Not Reach the Element of Malice or Provide Leave to Amend

Walmart argues that Mr. Givens' Amended Complaint is subject to dismissal for an additional reason, specifically that he has provided only conclusory allegations that Mr. Shonts acted with malice. However, it is not necessary for the Court to address this issue. Even if Mr. Givens had included sufficient factual allegations of Mr. Shonts' malice, it would be immaterial. Under Pennsylvania law, probable cause is an absolute defense that renders a party's motive— malicious or otherwise—inconsequential. *Meiksin*, 590 A.2d at 1305 (internal quotation marks

omitted) ("If probable cause is shown to have existed, an absolute defense is established against an action for malicious prosecution, even when express malice is proved."); *Hubert v. Alta Life Ins. Co.*, 7 A.2d 98, 101 (Pa. Super. 1939); *Turano v. Hunt*, 631 A.2d 822, 824 (Pa. Commw. 1993).

Because probable cause existed for Mr. Givens' arrest and it provides a complete defense to Mr. Givens' claim, amendment would be futile. *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434–35 (3d Cir. 1997) (denying leave to amend when "claims would not survive a Rule 12(b)(6) motion even if pled with more particularity"); *see also Meiksin*, 590 A.2d at 1305. Accordingly, leave to amend will be denied and Mr. Givens' claim will be dismissed with prejudice.

**IV.    Conclusion**

For the foregoing reasons, the Motion to Dismiss filed by Defendant Walmart Stores, Inc. is hereby GRANTED.  The Amended Complaint is hereby DISMISSED WITH PREJUDICE.

DATED this 23rd day of September, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record